FILED

**NOT FOR PUBLICATION**

MAY 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ALEJANDRINA BASURTO CAMACHO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71201 <br><br> Agency No. A095-313-437 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Maria Alejandrina Basurto Camacho, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

her motion to reopen removal proceedings based on ineffective assistance of

counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Basurto Camacho's motion to reopen as untimely where the motion was filed more than nine years after her removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Basurto Camacho failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, as long as petitioner exercised due diligence in discovering such circumstances).

In light of our disposition, we do not reach Basurto Camacho's contentions regarding prejudice. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)).

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) ("No significant changes have occurred since *Ekimian* that would allow . . . us to review sua sponte reopening.").

We deny Basurto Camacho's motion to supplement the record. *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (explaining standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**